**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0276-17T2

TEJANDRA AND ARUNA SHAH,

    Plaintiffs-Appellants,

v.

T&S BUILDERS, LLC,

    Defendant-Respondent.

_____

Argued April 30, 2018 – Decided July 24, 2018

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey
Law Division, Essex County, Docket No.
L-3509-17.

Paul A. Sandars, III, argued the cause for
appellants (Lum, Drasco & Positan, LLC,
attorneys; Paul A. Sandars, III, of counsel
and on the brief; Bernadette H. Condon, on
the brief).

Matthew Lakind argued the cause for
respondent (Tesser & Cohen, attorneys;
Matthew Lakind, on the brief).

PER CURIAM

Plaintiffs Tejandra and Aruna Shah engaged defendant T&S Builders, LLC in February 2014 to build an addition on their home in Livingston for the lump sum of $315,000. The contract, which was heavily negotiated between the parties, without counsel, was drafted by plaintiffs. The contract contained an arbitration clause, which provides:

> Section Thirteen: Disputes
>
> Should any dispute arise relative to the performance of this contract that the parties cannot satisfactorily resolve, then the parties agree that the dispute shall be resolved by binding arbitration conducted by the American Arbitration Association. The party demanding arbitration shall give written notice to the opposite party and the American Arbitration Association promptly after the matter in dispute arises. In no event, however, shall a written notice of demand for arbitration be given after the date on which a legal action concerning the matter in dispute would be barred by the appropriate statute of limitations.

After disputes arose between the parties over change orders and payments, plaintiffs, in October 2014, purported to terminate the contract in accordance with its terms. On October 21, defendant filed a demand for arbitration with the AAA. Plaintiffs filed an answer with thirteen affirmative defenses, none of which addressed the arbitration clause, and a counterclaim alleging breach of contract, negligence, breach of the covenant of good faith and fair dealing, violation of the

Consumer Fraud Act, N.J.S.A. 56:8-1 to -204, and misrepresentation.

The parties, through counsel, thereafter pursued their claims in arbitration, exchanging discovery and an expert report and participating in a site inspection and several conferences with the appointed arbitrator. Pursuant to a scheduling order issued by the arbitrator, plaintiffs filed their "Statement of Counterclaim" in December 2016, laying out their claims under the Consumer Fraud Act. The parties agreed the first hearing date would be on April 26, 2017.

Defendant submitted its pre-arbitration brief two weeks before the hearing date in accordance with the arbitrator's scheduling order. Defendant devoted two pages of its eighteen-page brief to argue plaintiffs' Consumer Fraud Act claims were "not properly before the AAA, and should be rejected in their entirety." Specifically, defendant argued the contract's arbitration provision was ineffective as to the Consumer Fraud Act claims because it failed to make any reference to statutory claims. Defendant claimed it "agree[d] to arbitrate claims relating to the Contract, but never waived its right to a trial on statutory claims under the [Consumer Fraud Act]." Defendant further argued plaintiffs could have brought their Consumer

Fraud Act claims "before a court if they chose, and that right remains to this day."

Plaintiffs opposed defendant's in limine motion to dismiss their Consumer Fraud Act claims and defendant's "attempts to characterize this matter as something other than a simple commercial dispute sounding in negligence and breach of contract."  Plaintiffs argued <u>Garfinkel v. Morristown Obstetrics & Gynecology Associates, P.A.</u>, 168 N.J. 124, 131 (2001), the case on which defendant relied, reaffirmed that "parties to an agreement may waive statutory remedies in favor of arbitration" and that "it is also well-established that claims arising under the [Consumer Fraud Act] are subject to agreements to arbitrate," relying on our unpublished opinion in <u>Atalese v. United States Legal Services Group, L.P.</u>, No. A-0654-12 (App. Div. Feb. 22, 2013) (slip op. at 5).

Plaintiffs further claimed the wording of the arbitration clause, in which the parties agreed to arbitrate, "any dispute . . . relative to the performance of this contract," was clear and sufficiently broad to provide notice that all possible claims arising out of the performance of the contract would be resolved in arbitration.  Plaintiffs concluded by stating:

> All of the claims in [plaintiffs']
> Counterclaim, including its statutory
> [Consumer Fraud Act] claims, are founded on

4

> the same set of facts and "arise from" the performance of the contract. Accordingly[,] since the factual basis of [plaintiffs'] Counterclaim also "arises from" disputes relative to the performance of the contract, all of the causes of action set forth in the Counterclaim, including the [Consumer Fraud Act] claim should also be heard in arbitration.

That was how matters stood until the evening before the hearing when the arbitrator sent counsel a copy of the Supreme Court's opinion in <u>Atalese v. United States Legal Services Group, L.P.</u>, 219 N.J. 430, 436 (2014), which reversed our decision and held that "[t]he absence of <u>any</u> language in the arbitration provision that plaintiff was waiving her statutory right to seek relief in a court of law" rendered the arbitration provision in that case unenforceable. The arbitrator asked counsel to review the case "in connection with the pending motion in limine."

By the time the parties appeared for the hearing the next morning, they had reversed their positions, with plaintiffs arguing the arbitration clause they drafted was unenforceable and defendant claiming plaintiffs' Consumer Fraud Act claims had to be heard by the arbitrator. The arbitrator recapped the parties' positions in an email sent the same day.

> Last evening, in connection with the pending [defendant] motions in limine, I reviewed the parties' submissions.

[Plaintiffs] provided to me the unreported Appellate Division decision in <u>Atalese v. United States Legal Services Group</u>. I happened to know that this had been reversed by the New Jersey Supreme Court [Justice Albin having attended and discussed the decision at one of the Garibaldi ADR Inn of Court meetings].

I provided a copy of the attached NJ Supreme Court decision to counsel last evening.

When we began the hearing this morning, I was advised that [plaintiffs] wished to make an application to stay the arbitration. The concern expressed by [plaintiffs' counsel] was that perhaps the Consumer Fraud claims would be waived if they were not within the arbitration clause, or perhaps under the authority of <u>Atalese</u>, the arbitration clause is unenforceable.

I suggested that I withdraw from the conference room and give counsel time to determine if the concerns could be addressed in a manner acceptable to all parties (since prior to my circulating the attached decision, the parties were ready to proceed today).

I returned to the hearing and was advised that the [plaintiffs] wish to make an application to the NJ Superior Court to have all the claims heard in litigation rather than arbitration.

As a result, I feel that I have no option but to stay the arbitration at this time. If it is determined by the New Jersey Superior Court that any (or all) claims are to be arbitrated, then we will lift the stay and reschedule the arbitration hearings.

The arbitrator subsequently "confirm[ed] that [defendant] agreed to have all claims, including any [Consumer Fraud Act] claims, submitted to arbitration" and "that [defendant] withdrew its motion in limine."

Plaintiffs then filed a complaint in the Law Division, identical to the counterclaim they filed in arbitration, which defendant moved to dismiss. Judge Vena, in a cogent and comprehensive opinion from the bench, granted the motion, sending the parties back to arbitration. The judge analyzed the case relying on the Supreme Court's opinion in Cole v. Jersey City Medical Center, 215 N.J. 265, 280-81 (2013), although acknowledging that case involved a waiver of a right to arbitration and not litigation. Applying the factors the Court identified to gauge whether a party's litigation conduct was consistent with a purportedly reserved right to arbitrate,[1] Judge

---

[1] The seven factors identified by the Cole Court are:

> (1) the delay in making the arbitration request; (2) the filing of any motions, particularly dispositive motions, and their outcomes; (3) whether the delay in seeking arbitration was part of the party's litigation strategy; (4) the extent of discovery conducted; (5) whether the party raised the arbitration issue in its pleadings, particularly as an affirmative defense, or provided other notification of its intent to seek arbitration; (6) the

(continued)

A-0276-17T2

Vena had no hesitation in concluding plaintiffs, by their conduct, waived any right to bring their claims in the Law Division. Acknowledging the result of the motion "might not [have been] the same" if made almost three years earlier when defendant filed its demand for arbitration, the judge found plaintiffs participation in the arbitration proceeding in the interim precluded a "do-over" in the Law Division. Specifically, the judge found plaintiffs' delay in asserting their right to litigate the issues until the day of the hearing, after "[a]ll paper discovery was conducted; experts' reports were exchanged [and] arbitration briefs were prepared and exchanged" substantially prejudiced defendant and could not be countenanced by the court.

Plaintiffs appeal. Relying on our courts' solicitude of consumers forced to arbitrate statutory claims buried in contracts of adhesion, which do not inform them that they are surrendering their rights to pursue those claims in court, see, e.g., NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J.

---

(continued)
>           proximity of the date on which the party
>           sought arbitration to the date of trial; and
>           (7) the resulting prejudice suffered by the
>           other party, if any.
>
>           [Cole, 215 N.J. at 280-81.]

A-0276-17T2

Super. 404, 425 (App. Div. 2011), certif. granted, 209 N.J. 96 (2011), and appeal dismissed, 213 N.J. 47 (2013), plaintiffs argue the arbitration clause in this consumer contract "by its own terms, only encompasses contract-based claims and does not evidence a specific agreement among the parties to refer statutory claims to binding arbitration." Plaintiffs further contend the trial court erred in relying on Cole, as "that case concerned waiver in the context of a delay in asking the court to send the case to arbitration."

Although our review here is de novo, the trial court's factual findings underlying its ruling that the case should proceed in arbitration are entitled to deference and subject to review for clear error. See Cole, 215 N.J. at 275.

Neither we nor the Supreme Court has apparently had the opportunity to consider whether the principles enunciated in Cole would apply where a party has participated in arbitration for well over two years before asserting a right to proceed in Superior Court. But see, Cole, 215 N.J. at 277 (noting the "Court has addressed waiver of the right to a judicial determination when the parties engage in arbitration, see, e.g., Johnson v. Johnson, 204 N.J. 529, 545 (2010); Fawzy v. Fawzy, 199 N.J. 456, 462, 482 (2009)"). We do not do so here, as the peculiar circumstances that give rise to this appeal make it a

poor vehicle for considering the issue, and the case is easily resolved by resort to basic contract principles.

"Although arbitration is traditionally described as a favored remedy, it is, at its heart, a creature of contract." Fawzy, 199 N.J. at 469 (quoting Kimm v. Blisset, LLC, 388 N.J. Super. 14, 25 (App. Div. 2006)). Accordingly, our focus is always on whether the agreement to arbitrate was the product of mutual assent, the so-called "meeting of the minds." Atalese, 219 N.J. at 442. Here, unlike in the usual consumer case, it was plaintiffs, the consumer in this transaction, who drafted the contract containing the arbitration clause. And it was plaintiffs who filed a counterclaim with the AAA asserting Consumer Fraud Act claims. Both parties thereafter proceeded in arbitration for the next two years, exchanging written discovery and an expert report, participating in multiple conferences and a site inspection and preparing for and attending the first day of the hearing.

Those acts, as found by Judge Vena, are all powerful indicators that these parties understood and agreed that all claims between them, including the Consumer Fraud Act claims, were subject to arbitration in accordance with their agreement. Indeed, neither party gave any indication otherwise until just before the scheduled arbitration hearing when their counsel

engaged in the procedural maneuvering giving rise to this appeal. As our Supreme Court observed almost forty years ago, "[a]rbitration is a substitution, by consent of the parties, of another tribunal" for the one provided by law, with the "goal of providing final, speedy and inexpensive settlement of disputes." Barcon Assocs., Inc. v. Tri-County Asphalt Corp., 86 N.J. 179, 187 (1981) (internal quotation omitted). It is "meant to be a substitute for and not a springboard for litigation." Ibid. (internal quotation omitted).

We agree with Judge Vena this controversy should remain in the arbitral forum the parties plainly chose to resolve all aspects of their dispute. Accordingly, we affirm, substantially for the reasons he expressed from the bench on August 4, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0276-17T2